## KIMBALL *v.* COCHECO RAILROAD CO.

If a party give a bond to indemnify the obligee against a release of an unsatisfied debt, and the condition is broken, judgment will be rendered on the bond for the amount of the debt.

DEBT, upon a bond. Two counts were stated, to wit: 1, in common form. 2. Also, for that the said defendants at, &c., on, &c., by their other writing obligatory, of that date, sealed with their seal, and here in court to be produced, acknowledged themselves to be held and firmly bound to the plaintiff in the further sum of one thousand dollars, to be paid to the plaintiff when the said defendants should be thereunto afterwards re-

quested: which said writing obligatory was and is subject to a certain condition thereunder written, to the effect following, to wit: that if the said defendants should save harmless the said plaintiff for having on the day of the date of said writing obligatory signed a release and receipt for the payment of four hundred and fifty-five dollars and eighty-four cents, as damages awarded to the plaintiff by the railroad commissioners; and should agree to pay the award of the referees, there selected by the parties, for damages to the plaintiff's land, then said obligation to be void, otherwise in full force; and the plaintiff avers, that the said defendants have not kept the said condition of said writing obligatory, but have broken the same, and have not saved the said plaintiff harmless for having signed said release and receipt, and have delayed and have kept the plaintiff out of the whole of said sum of four hundred and fifty-five dollars and eighty-four cents, and the use of the same, and though requested, refuse to pay the same.

To each of these counts there was a plea of *non est factum* and a brief statement.

To the first count, the brief statement set forth the condition of the bond as stated in the other count, and alleged, first, that they have performed all the matters and things required of them in the aforesaid condition; second, that the plaintiff has never been damnified, from any cause mentioned in said bond; third, that the defendants did on the day of the date of the bond, at, &c., agree to pay the award of said referees, and have ever since been ready to pay the same, and before the commencement of the plaintiff's suit they offered to pay him the same, but he refused to take the same.

To the second count the specification sets forth, first, that the plaintiff has never been damnified, from any cause mentioned in the bond; second, that the defendants have fully performed the condition of said bond; third, that there has been no such breach of the condition as is alleged; fourth, that the referees elected, made an award and the defendants tendered to the plaintiff the sum awarded, but the plaintiff refused to receive it.

Upon the trial it appeared that the railroad commissioners

Kimball *v.* Cocheco Railroad Co.

awarded to the plaintiff $455.84, as damages for a part of his land taken for the railroad. That the plaintiff was dissatisfied, and proposed to appeal, but it was finally agreed, that his claim for damages should be referred to three referees then agreed upon, that the plaintiff should execute a receipt and release to the company for the damages awarded by the railroad commissioners, so as to enable the company to proceed with their road; and the company executed to him the bond, on which the action is brought, distinctly set forth in the second count. The submission to the referees was by a rule returnable to the court of common pleas. The referees met and heard the parties and made an award; but the award was set aside on the motion of the plaintiff, because one of the referees, before the hearing and without his knowledge, had become a stockholder in the railroad company. Before the action was brought the defendants offered to pay the plaintiff the amount of the award of the referees, and interest.

A verdict was taken by consent, for the plaintiff for the penalty of the bond. Judgment to be rendered on the verdict for such sum as the superior court should think the plaintiff entitled to, or the verdict to be set aside and judgment rendered for the defendant for costs.

*R. Kimball* and *Soule*, for the plaintiff.

*Woodman* and *Christie*, for the defendants.

BELL, J. A verdict being taken by consent for the penalty of the bond declared on, the single question submitted to us is, what amount of damages the plaintiff is entitled to recover; and we think upon a fair construction of the whole transaction, he is entitled to recover the amount of damages awarded to him by the railroad commissioners, with interest. It is apparent, that though a release of these damages was made for the convenience of the railroad company, yet that that release was in no event to be used as a bar to the just claim of the plaintiff. The whole transaction in regard to the reference and award may be laid

out of consideration, as if it had not been mentioned in the case, since it has entirely failed by the act of the referee, for which neither of these parties is responsible. The remaining part of the condition is alone to be regarded, and that retains its effect, as it would have done, if it had been at the first the only condition. Where a condition consists of two parts, and one of these becomes impossible, the other must be performed; except where the two parts are in the alternative and the party has an election to perform either. Then the party is discharged from both, if by the act of providence one becomes impossible. The rule is thus laid down in Sheppard's Touchstone, 382. "When the condition of an obligation is to do [one of] two things by a day, and at the time of making the obligation both of them are possible, but after and before the time when the same are to be done, one of the things is become impossible by the act of God, or by the sole act and laches of the obligee himself, in this case the obligor is not bound to do the other thing that is possible, but is discharged of the whole obligation. But if, at the time of the making of the obligation, one of the things is and the other of the things is not possible to be done, he must perform that which is possible. And if in the first case, one of the things becomes impossible afterwards, by the acts of the obligor *or a stranger*, the obligor must see to it, that he do the other thing at his peril. And when the condition of an obligation is to do one single thing, which afterwards, before the time when it is to be done, becomes impossible to be done at all or in part, the obligation is wholly discharged, and yet if it be possible to be done in any part, it shall be performed as near to the condition as may be." *Hamilton* v. *Dunklee*, 1 N. H. Rep., 174.

*Judgment for the plaintiff.*